IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK NA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-738-E |
| | § | |
| JOSE GUADALUPE MORENO and | § | |
| ERICA MARIE VASQUEZ | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wells Fargo Bank NA has filed a motion for default judgment, *see* Dkt. No. 10, which United States District Judge Ada Brown has referred to the undersigned United States Magistrate Judge for findings, conclusions, and recommendation, *see* Dkt. No. 12.

For the following reasons, the Court should deny the motion.

## Background

Defendants Jose Guadalupe Moreno and Erica Marie Vasquez purchased real property on March 27, 2010. They executed a purchase money loan in the original principal amount of $147,238. They also executed a Deed of Trust granting a security interest in the property to DHI Mortgage Company, Ltd.

The Deed of Trust was subsequently assigned to Wells Fargo.

Moreno obtained a home equity loan on December 24, 2021 in the original principal amount of $144,500. He executed a Home Equity Security Instrument

purporting to grant Wells Fargo a security interest in the property.

At the time Moreno obtained the home equity loan, Vasquez owned an interest in the property. She did not sign the Home Equity Security Instrument.

At the closing of the home equity loan, $104,098.12 of Wells Fargo's loan proceeds were used to internally discharge the 2010 loan, $7,361.60 were paid to discharge property tax liens on the property, and $5,672.43 were paid to discharge a lien by the homeowner's association.

Wells Fargo sued Moreno and Vasquez on April 6, 2023, asserting a claim for equitable subrogation. *See* Dkt. No. 1.

Moreno was served on May 4, 2023, *see* Dkt. No. 7, and Vasquez was served on May 12, 2023, *see* Dkt. No. 8. Neither defendant filed an answer or otherwise made an appearance in the case.

The Clerk of Court made entry of default as to both defendants on September 6, 2023. See Dkt. No. 11.

Wells Fargo now moves for default judgment against both defendants. *See* Dkt. No. 10.

## Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is

not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See id.* The clerk will enter default when default is established by an affidavit or otherwise. *See id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social

goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court

-4-

may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

I.    <u>The Court has subject matter jurisdiction and personal jurisdiction.</u>

Wells Fargo has shown there is jurisdiction over the parties. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees. Wells Fargo is a federally chartered banking institution with headquarters in South Dakota. *See* Dkt. No. 1 at 1. So, Wells Fargo is a citizen of South Dakota. Wells Fargo alleges that Moreno and Vasquez are citizens of Texas, establishing compete diversity as required for diversity jurisdiction. Plaintiff alleges damages of at least $117,132.15 plus accrued interest, meeting the amount in controversy requirement. *See* Dkt. No. 10 at 4.

A judgment without personal jurisdiction is void," and a "district court has the duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

Moreno and Vasquez are residents of the Northern District of Texas and the lawsuit concerns real property located in the Northern District of Texas. *See* Dkt. No. 1 at 1.

And, so, this Court has personal jurisdiction over the Defendants.

-5-

II.   <u>The procedural requirements for default judgment have not been met.</u>

Wells Fargo has not satisfied the prerequisites for entry of default judgment against Moreno and Vasquez.

Wells Fargo served Moreno on May 4, 2023, and Vasquez on May 12, 2023. *See* Dkt. No. 7, 8. The Clerk of Court entered Default against both Defendants on September 6, 2023. *See* Dkt. No. 11.

Wells Fargo attached Exhibits A and B to its motion for default judgment to support the allegations that the Defendants were not in active military service.

Wells Fargo argues that Exhibit A shows that Moreno is not in active military service. But Exhibit A is for a different case that has nothing to do with the current matter. *See* Dkt. No. 10-1.

Exhibit B details how Ms. JoLynn Brooks entered Vasquez's name and social security number into the Service Members Central Relief Act Centralized Verification Service website and the search determined that that Vasquez is not in active duty status. *See* Dkt. 10-2. Exhibit B establishes that Vasquez is not in active military status. *See GS Holistics v. OMS Inv., LLC*, No. 3:23-CV-1024-L, 2024 WL 3092445, at *2 (N.D. Tex. June 21, 2024) (citing 50 U.S.C. § 3931(b)(4)) ("[T]he Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking entry of a default judgment to file an affidavit 'stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.' The SCRA's affidavit requirement 'may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty

of perjury.'")

Wells Fargo did not make any allegations or provide evidence to show that the Defendants were not minors or incompetent which preclude entry of default judgment under Rule 55(b)(2) *See United States v. Kees*, No. 2:16-CV-01180, 2018 WL 4473895, at *3 (W.D. La. Aug. 30, 2018).

And, so, Wells Fargo does not meet the procedural requirements for entry of default against either of the Defendants.

III.    <u>Wells Fargo's pleading supports default judgment.</u>

The Court takes as true the facts asserted by a plaintiff against a defaulting defendant. *See Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. *See id.*

When determining whether the requested default is "'supported by well-pleaded allegations' and has 'a sufficient basis in the pleadings,'" the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 505 F.2d 1200, 1206 (5th Cir. 1975)).

"Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. (8)(a)(2)). "The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up)).

Wells Fargo asserts that it is equitably subrogated to the home equity loan funds used to discharge the 2010 loan, tax liens and homeowner's association lien.

"In the mortgage context, the doctrine [of equitable subrogation] allows a lender who discharges a valid lien on the property of another to step into the prior lienholder's shoes and assume that lienholder's security interest in the property, even though the lender cannot foreclose on its own lien." *Fed. Home Loan Mortg. Corp. v. Zepeda*, 601 S.W.3d 763, 766 (Tex. 2020) (citing *LaSalle Bank Nat'l Assoc. v. White*, 246 S.W.3d 616, 619 (Tex. 2007).

Wells Fargo alleges that Moreno and Vasquez obtained a loan to buy their homestead and secured the loan using their homestead as collateral. It further alleges that Moreno refinanced the debt with a home equity loan from Wells Fargo and used the homestead to secure the home equity loan.

Wells Fargo alleges facts showing that the home equity loan was invalid. Home equity loans must meet "a litany of exacting terms and conditions." *See id.* at 766; TEX. CONST. Art. XVI, §50. One of those conditions is that the loan must be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse." TEX. CONST. Art. XVI, §50(a)(6)(A); *see also* TEX. ADMIN. CODE § 153.2(1). Wells Fargo alleges that Vasquez owned an interest in the property when Moreno obtained the home equity loan, but

she did not sign the Home Equity Security Instrument.

But even if a home equity loan is invalid under the Texas Constitution, the lender is entitled to equitable subrogation for the refinance portion of the loan proceeds that were used to extinguish purchase money and liens on the property. *See LaSalle*, 246 S.W.3d at 620.

Wells Fargo has alleged that proceeds from the home equity loan were used to discharge the 2010 loan, tax liens and a homeowner's association lien. And, so, Wells Fargo's pleadings support default judgment on its claim for equitable subrogation.

IV.    Consideration of other factors supports default judgment.

Although default judgment is a harsh remedy, Moreno and Vasquez's failures to answer Wells Fargo's complaint support default judgment on Wells Fargo's equitable subrogation claim. There has not been substantial prejudice against Moreno or Vasquez. There are clearly established grounds for default: Moreno and Vasquez failed to answer Wells Fargo's complaint. There is no indication that Moreno's or Vasquez's default was caused by good faith mistake or excusable neglect. And, so, the court would not feel obligated to set aside a default on Wells Fargo's motion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

V.    Wells Fargo is not entitled to damages.

Since Wells Fargo is not entitled to default judgment, it is not entitled to damages.

## Recommendation

Plaintiff Wells Fargo Bank, N.A.'s Motion for Entry of Default Judgment [Dkt.

No. 10] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE