IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-738-E |
| | § | |
| JOSE GUADALUPE MORENO and | § | |
| ERICA MARIE VASQUEZ, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wells Fargo Bank, N.A. filed a First Amended Motion for Entry of Default Judgment [Dkt. No. 18], the Clerk of Court then entered default against Defendants Joe Guadalupe Moreno and Erica Marie Vasquez, *see* Dkt. No. 19, and United States District Judge Ada Brown referred the amended motion for default judgment to the undersigned United States magistrate judge under 28 U.S.C. § 636(b), *see* Dkt. No. 20.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant the amended motion for default judgment (and deny as moot Wells Fargo's motion for a hearing [Dkt. No. 21]).

**Applicable Background**

Moreno and Vasquez purchased real property on March 27, 2010. They executed a purchase money loan in the original principal amount of $147,238. They also executed a Deed of Trust granting a security interest in the property to DHI

Mortgage Company, Ltd.

The Deed of Trust was subsequently assigned to Wells Fargo.

Moreno obtained a home equity loan on December 24, 2021 in the original principal amount of $144,500. And he executed a Home Equity Security Instrument purporting to grant Wells Fargo a security interest in the property.

At the time that Moreno obtained the home equity loan, Vasquez owned an interest in the property. But she did not sign the Home Equity Security Instrument.

At the closing of the home equity loan, $104,098.12 of Wells Fargo's loan proceeds were used to internally discharge the 2010 loan, while $7,361.60 were paid to discharge property tax liens on the property and $5,672.43 were paid to discharge a lien by the homeowner's association.

Wells Fargo sued Moreno and Vasquez on April 6, 2023, asserting a claim for equitable subrogation. *See* Dkt. No. 1.

Moreno was served on May 4, 2023, *see* Dkt. No. 7, and Vasquez was served on May 12, 2023, *see* Dkt. No. 8. But neither defendant answered or otherwise appeared.

The Clerk of Court first entered default as to both defendants on September 6, 2023. *See* Dkt. No. 11. Wells Fargo then moved for default judgment against both. *See* Dkt. No. 10. And the Court denied that motion without prejudice because the procedural requirements were not met. *See* Dkt. Nos. 15 & 16.

Well Fargo is now back before the Court, essentially for a do over.

**Legal Standards**

When a defendant has "failed to plead or otherwise defend" an action, the Court

may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide

whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"; (4) whether there are "material issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Default judgment can also appropriate where a defendant fails to follow court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Next, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered.*" Nishimatsu*, 515 F.2d at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. The factual allegations,

assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages "must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Two other caveats also apply. "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (citations omitted). And, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th

Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

## Analysis

**I. The Court has jurisdiction over the subject matter and the parties.**

Deciding the motion for default judgment "begins, as it must, by examining the Court's jurisdiction." *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *3 (N.D. Tex. May 19, 2023) (cleaned up; quoting *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022)), *rec. accepted*, 2023 WL 5167019 (N.D. Tex. June 13, 2023); *accord Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

Wells Fargo has shown that the Court possesses subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

Wells Fargo is a federally chartered banking institution with headquarters in South Dakota. *See* Dkt. No. 1 at 1. So, Wells Fargo is a citizen of South Dakota. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). And Wells Fargo alleges that Moreno and Vasquez are citizens of Texas, establishing compete diversity as required for diversity jurisdiction. And it seeks damages of at least $117,132.15 plus accrued interest, meeting the amount in controversy requirement.

Wells Fargo has also shown that the Court has jurisdiction over the defendants where Moreno and Vasquez are residents of the Northern District of Texas and this lawsuit concerns real property in this district.

## II. The procedural requirements for default judgment have now been met.

Wells Fargo served Moreno, on May 4, 2023, and Vasquez, on May 12, 2023. *See* Dkt. No. 7, 8. The Clerk of Court most recently entered default on August 16, 2024. *See* Dkt. No. 19. And attached to Wells Fargo's amended motion for default judgment is sufficient evidence reflecting that neither defendant is in the military service, nor a minor, nor incompetent. *See* Dkt. No. 18-1; Dkt. No. 18-2; Dkt. No. 18-4.

## III. The allegations support default judgment as to the claims asserted.

Wells Fargo asserts that it is equitably subrogated to the home equity loan funds used to discharge the 2010 loan, tax liens and homeowner's association lien.

"In the mortgage context, the doctrine [of equitable subrogation] allows a lender who discharges a valid lien on the property of another to step into the prior lienholder's shoes and assume that lienholder's security interest in the property, even though the lender cannot foreclose on its own lien." *Fed. Home Loan Mortg. Corp. v. Zepeda*, 601 S.W.3d 763, 766 (Tex. 2020) (citing *LaSalle Bank Nat'l Assoc. v. White*, 246 S.W.3d 616, 619 (Tex. 2007)).

Wells Fargo alleges that Moreno and Vasquez obtained a loan to buy their homestead and secured the loan using their homestead as collateral. It further alleges that Moreno refinanced the debt with a home equity loan from Wells Fargo and used the homestead to secure the home equity loan.

Wells Fargo alleges facts showing that the home equity loan was invalid. Home equity loans must meet "a litany of exacting terms and conditions." See id. at 766;

TEX. CONST. art. XVI, § 50. One such condition is that the loan must be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse." TEX. CONST. art. XVI, § 50(a)(6)(A); *see also* TEX. ADMIN. CODE § 153.2(1). Wells Fargo alleges that Vasquez owned an interest in the property when Moreno obtained the home equity loan, but she did not sign the Home Equity Security Instrument.

But even if a home equity loan is invalid under the Texas Constitution, the lender is entitled to equitable subrogation for the refinance portion of the loan proceeds that were used to extinguish purchase money and liens on the property. *See LaSalle*, 246 S.W.3d at 620.

Wells Fargo has alleged that proceeds from the home equity loan were used to discharge the 2010 loan, tax liens and a homeowner's association lien.

And, so, Wells Fargo's pleadings support default judgment on its claim for equitable subrogation.

## IV. Consideration of other factors supports default judgment.

Default judgment is a harsh remedy, but, as set out above, the record – including Moreno and Vasquez's failures to answer Wells Fargo's complaint – supports default judgment.

There has not been substantial prejudice against Moreno and Vasquez.

There are clearly established grounds for default, as set out above.

There is no indication that the default was caused by good faith mistake or excusable neglect.

And, so, the Court would not necessarily feel obligated to set aside a default

(should a motion to do so be filed). *See Lindsey*, 161 F.3d at 893.

## V.     Wells Fargo is entitled to damages without the need for a hearing.

Through its subrogation claim, Wells Fargo seeks "$117,132.15, which is the total amount that was paid to discharge the prior Wells Fargo loan, which payment totaled $104,098.12; the HOA lien, which payment totaled $5,672.43, and the tax liens, which payment totaled $7,361.60." Dkt. No. 18, ¶ 12; *see also* Dkt. No. 1 (compl.), ¶¶ 11 & 12; Dkt. No. 18-3.

So, because "[t]he damages set forth can be computed with certainty by reference to the pleadings," "the Court need not conduct a hearing to enter a default judgment and determine the amount of damages under Rule 55(b)(2)." *Crown Distrib. LLC v. Peacefull Choice Distrib. LLC*, No. 3:20-cv-3404-K, 2023 WL 1997927, at *9 (N.D. Tex. Jan. 27, 2023), *rec. accepted*, 2023 WL 1997785 (N.D. Tex. Feb. 14, 2023).

But, to the extent that Wells Fargo also seeks the "interest that has accrued on those payments that were made on December 30, 2021 through the date of the judgment," Dkt. No. 18, ¶ 12, it should, within the 14 days to file objections to these findings, conclusions, and recommendation, file an advisory to provide the Court the total amount of damages requested and support for that amount.

### Recommendation

The Court should grant Plaintiff Wells Fargo Bank, N.A.'s First Amended Motion for Entry of Default Judgment [Dkt. No. 18], enter default judgment against Defendants Joe Guadalupe Moreno and Erica Marie Vasquez, and deny as moot Wells Fargo's motion for a hearing [Dkt. No. 21].

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE